## INJURY IN MACHINERY CLAIMED TO BE DEFECTIVE.

Circuit Court of Cuyahoga County.

THE FOREST CITY PROVISION COMPANY v. ADOLPH BLAHA.

Decided, June 28, 1910.

*Charges—Failure to Define Issues.*

It is reversible error for the court to neglect to state the issues in a case to the jury, where there are several issues of fact to be determined by it, and to refer the jury to the pleadings for a determination of the issues, notwithstanding the court at the conclusion of the charge asks counsel if they have anything further to which to direct attention and they answer in the negative.

*Seaton & Paine,* for plaintiff.
*A. W. Lamson* and *W. B. Beebe,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is the reverse of their relation in the court below. The terms plaintiff and defendant as used in this opinion, refer to the parties as they stood below.

The plaintiff was an employee of the defendant and worked on a sausage machine; on the 18th of June, he was injured to such an extent that one of his arms had to be amputated.

He complains in his petition that this injury was occasioned by reason of the negligence on the part of the defendant in failing to furnish him a proper machine at which to work. A very considerable number of defects in this machine are stated in the petition. Issue was taken on these several charges of negligence by the defendant.

Numerous grounds of error are claimed to have occurred at the trial.

It should be said that the arm of the plaintiff was injured by receiving a severe blow from what is called the plunger in this sausage machine. We do not undertake here to give a description of the machine but content ourselves in saying that the injury *was* received from this plunger.

One of the charges of negligence in the petition was that the machine was being operated at an extremely high steam pressure. Before argument, the court said to the jury, at the request of the defendant, among other things, the following:

"Among the allegations of negligence in the petition is one that defendant was negligent in operating said sausage machine at an extremely high steam pressure at the time of the injury to plaintiff.

"The court says to you that no evidence has been offered to sustain said allegation of negligence and the charge of negligence in this respect is not to be considered by you."

Going to the general charge the court said to the jury among other things the following:

"There are various allegations of negligence of the defendant company that are set forth in the petition at great length. He claims that he was injured in this way: His arm was taken off, he suffered great pain in body and mind; and was damaged to the extent of $25,000; that he was without fault or negligence on his part."

After then stating that all negligence was denied on the part of the plaintiff, the court said, among other things, to entitle the plaintiff to recover it is incumbent upon him to show by a preponderance of the evidence that the defendant company was negligent in the respects complained of in the petition or some

of them, and that the injury which the plaintiff received resulted directly from such negligence.

The court further said to the jury:

"The allegations of negligence which will entitle the plaintiff to recover are the allegations of negligence that are contained in his petition; he doesn't have to prove them all; if he proves any of the acts of negligence that was the proximate cause— that was the thing which caused his injury and he had proven that part by a preponderance of evidence, then he is entitled to a verdict."

What has been quoted contains all that was said by the court as to the issues made by the plaintiff. It has already been said that numerous items of negligence were alleged in the petition, all of which were denied by the answer. Attention has already been called to the fact that the court instructed the jury before argument, that no evidence had been introduced as to one of the grounds of negligence charged in the petition, and yet the court here leaves to the jury to ascertain by an examination of the petition, and that alone, the negligent things which must be shown by the plaintiff in order to entitle him to a recovery. The court ought not to have left to the jury to search out from the petition the items of negligence charged. It left them to look to the petition and for every charge of negligence contained in it, and yet he had already said to them, there was no evidence tending to show negligence in one item charged. The court should have pointed out the several charges of negligence contained in this petition to which the attention of the jury must be given to reach a proper conclusion.

It is urged that because at the close of the charge this took place, to-wit, the court said, "Has either side anything further to direct my attention to," to which both parties by their counsel answered "No, we have not"; this error, if there was an error on the part of the court in failing to point out the issues, was cured, or rather that the defendant can not now be heard to complain because of the failure of the court to properly state the issues in the case.

We think this is answered by the case of *The Baltimore & Ohio Railroad Co.* v. *Lockwood,* 72 Ohio St., 586, the syllabus of which case reads:

"In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied. It is error to read the pleadings to the jury and then say to the jury, and not otherwise to define the specific issues, that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties.

"It is error to refuse to charge the jury that it should not consider any other negligence than that charged in the petition."

In this case the trial court said to the jury:

"There can hardly be any question in your minds, gentlemen of the jury, at this stage of this trial, after hearing the general argument of counsel and the several requests the court gave you and the reading of these pleadings, that the issue in this case is negligence or want of ordinary care, complained of on part of the railroad and denied by the railroad company, and allegations as to contributory negligence on the part of the plaintiff, which resulted in this accident."

Judge Davis in his opinion uses this language, in reference to that part of the charge:

"The court thus left it to the jury to find out for itself what were the specific issues of fact as made up in the pleadings, and which it was the duty of the jury to decide from the evidence, under the instructions of the court. The court intimates to the jury that 'the issue' is negligence 'on the part of the railroad company,' and the contributory negligence 'on the part of the plantiff.'"

The opinion then goes on to show that there were several charges of negligence in the petition, and then says:

"It is the imperative duty of the court to separate these and to definitely state to the jury those issues which are to be determined by it, accompanied by such instructions in regard to each as the nature of the case may require. A failure to do this necessarily leaves the jury to grope around through the technical and often verbose allegations of the pleadings to find the real points of controversy in the case. When there is but a single

issue, which is tersely stated, this might not be prejudicial to the parties; but in almost every case there are intricacies which the jury, from lack of legal knowledge and experience, can not unravel without the assistance of the court. The jury should be distinctly instructed by the court as to the facts which are admitted; and without this it can not be expected that a jury trial will result in an intelligent verdict."

Our attention is called to the case of *Railroad Co.* v. *Ritter,* 67 Ohio St., 53, in which this language is used in the syllabus:

"Where the charge of the court is free from error prejudicial to the party excepting thereto, but fails to cover all the questions involved in the case, such failure is not a ground for reversal, unless it was called to the attention of the court, and further instructions requested and refused, provided the jury is not misled by the charge so given."

This is cited in support of the proposition that the defendant, having been called upon in this case to ascertain if there was any point on which instructions were desired that had not been given, answered *no.*

It was undoubtedly because of what is said in this last named case that the court used the language quoted in the 72d Ohio St., *supra,* because in the case of *Railroad Co.* v. *Ritter, supra,* the court left the jury to determine the issues from the pleadings. But the court in its opinion in that case, used these words:

"It is well at this point to recall the very simple and narrow issue between these parties in the trial court, for it has much to do with our conclusions. The pleadings brought the issues into a very narrow compass."

Judge Davis, in the opinion in *Railroad Co.* v. *Lockwood, supra,* recognizing what was said in *Railway Co.* v. *Ritter,* used the language already quoted, to-wit: "When there is but a single issue which is expressly stated, this might not be prejudicial to the parties."

We think in the present case the court erred in not following the statute requiring that the issues be stated, and that it was not incumbent upon the defendant to point out to the court specifically what it regarded as erroneous in the charge, even

though asked if it desired to direct the attention of the court to anything further. The court had itself directed attention to the issues and had erroneously instructed the jury to ascertain from the pleadings what these issues were, and as already * * * stated, the defendant was not called upon to point out to the court wherein the charge was erroneous, but at most to call the attention of the court to some matter entirely omitted in the charge.

On the authority of *Railroad Co.* v. *Lockwood, supra,* this judgment must be reversed for error on the part of the court in failing to properly state to the jury the issues in this case.

An examination of the record fails to disclose any other reversible error and for this error in the charge, and this alone, the judgment is reversed and the cause remanded for further proceedings.